UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/16/2018
```

-------------------------------------------------------- X
                    :

UNITED STATES OF AMERICA         :
              Plaintiff,   :
                    :           17 Cr. 262 (LGS)
      -against-          :
                    :           **ORDER**

GODEL SEZANAYEV, ET AL.,     :
             Defendants.  :

-------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendants have filed pretrial motions that are likely to affect the parties'

trial preparations and pre-trial submissions (Dkt. Nos. 147, 152, 153, 154, 156, 157, 159 and

160);

WHEREAS, for the reasons to be stated in an opinion to follow; it is hereby

**ORDERED** that such motions are adjudicated as follows:

1. Nizamuden Akbari and Arkadiy Israilov (Dkt. No. 160)

    a.  Motion to sever Count Two from Counts One and Three is DENIED;

2. Menachem Abramov (Dkt. No. 147)

    a.  Motion for a separate trial is DENIED;

3. Shalom Muratov (Dkt. No. 152)

    a.  Motion for a separate trial is DENIED;

4. Godel Sezanayev (Dkt. No. 159)

    a.  Motion to dismiss Count Two for lack of venue is DENIED;

    b.  Motion to sever from his co-defendants in Counts One, Two and Three and the acts in

        Count One is DENIED; and

    c.  Motion for a separate trial is DENIED;

5.  Mark Mullakandov (Dkt. No. 157)

    a.  Motion for a separate trial is DENIED;

    b.  Motion to suppress all post-arrest statements is GRANTED in part and otherwise DENIED.  Responses to questions that are not within the pedigree exception to the *Miranda* rule are suppressed.  The Government may move in limine to admit specific statements or the fruits of such statements;

    c.  Motion to direct disclosure of interviewed individuals and any recorded notes of said interviews is DENIED, except as agreed by the Government;

    d.  Motion to compel disclosure of exculpatory and impeachment materials at least thirty days before trial is DENIED;

    e.  Motion to compel production of Rule 404(b) evidence sixty days before trial is DENIED, but the Court will hold the Government to its representation that it will "provide notice at a reasonable time";

    f.  Motion to compel notice of expert testimony is GRANTED in part.  The Government shall disclose its intention to use any expert testimony during its case-in-chief at trial and the general subject matter of the testimony, as soon as it determines that it is likely to do so.  The parties shall then meet and confer to attempt to agree on a disclosure schedule and shall seek the Court's assistance in the event they are unable to agree; and

    g.  Motion to compel an early witness list is DENIED;

6.  Manashe Sezanayev (Dkt. No. 156)

    a.  Motions are DENIED as moot in light of his guilty plea;

7. The Court's foregoing rulings shall apply to any Defendant (regardless of whether he joined the underlying motion) to the extent such ruling is not specific to the facts or circumstances of the particular moving Defendant;

8. Defendants shall raise any *Bruton* issues as to the Government's evidence in their motions in limine;

9. Defendants shall provide at least 48-hours' notice to all counsel and the Court of their intention to introduce co-defendant statements at trial; and any co-Defendant objecting on *Bruton* grounds, shall do so at least 24 hours before such statement is to be introduced; and

10. The parties' who are tentatively set to stand trial on Count One of the Indictment on June 18, 2018, or Count Two of the Indictment on June 25, 2018, shall file any motions in limine by May 22, 2018, and responses to the motions by May 29, 2018.

The Clerk of Court is respectfully directed to close the motions at Docket Numbers 147, 152, 153, 154, 156, 157, 159 and 160.

Dated: May 16, 2018
     New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE